IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WAYNE RUTHERFORD,

       Plaintiff,

v.

THEODORE PUTNAM, CTL
THOMPSON, INC., and CENTRAL
MUTUAL INSURANCE COMPANY

       Defendants.

## JOINT NOTICE OF REMOVAL

Defendants Theodore Putnam (hereinafter "Putnam") and CTL Thompson, Inc. (hereinafter "CTL"), by and through counsel, RILEY, SHANE & KELLER, P.A., and Defendant Central Mutual Insurance Company, by and through counsel, ALLEN, SHEPHERD, LEWIS & SYRA, P.A., hereby give notice of removal of this matter to the United States District Court for the District of New Mexico. In support, Putnam, CTL and Central Mutual Insurance Company state the following:

1.      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Putnam, CTL and Central Mutual Insurance Company hereby give notice of removal of all counts and claims asserted by Plaintiff in the civil action filed in the Eighth Judicial District, County of Taos, State of New Mexico, styled: *Wayne Rutherford v. Theodore Putnam, CTL Thompson, Inc., and Central Mutual Insurance Company*; Eighth Judicial District Cause No. D-820-CV-2014-00300. Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A."

2. This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy is alleged to exceed seventy-five thousand dollars ($75,000.00).

3. Plaintiff, Wayne Rutherford, is a resident of the State of New Mexico. Defendant Putnam is a Colorado Resident, Defendant CTL is a Colorado corporation, and Defendant Central Mutual Insurance Company (hereinafter "CMIC") is an Ohio corporation. *See* Exhibit "A," Second Amended Complaint for Damages to Injury at ¶¶ 1-4.

4. Plaintiff's Complaint for Money Damages (hereinafter "Complaint") was filed in the Eighth Judicial District Court on August 14, 2014. *See* Exhibit "A." Plaintiff's Amended Complaint for Money Damages (hereinafter "Amended Complaint") was filed on September 2, 2014. *See* Exhibit "A." Both the Complaint and Amended Complaint named a plaintiff and defendants who reside in New Mexico, and therefore this matter was not removable for diversity of citizenship as pled. *See* Exhibit "A," Complaint at ¶¶ 1 and 4; *See* Exhibit "A," Amended Complaint at ¶¶ 1 and 4. Plaintiff's Second Amended Complaint for Damages to Injury (hereinafter "Second Amended Complaint") was filed on July 8, 2015. *See* Exhibit "A." The Second Amended Complaint is the first pleading from which the case has become removable for diversity of citizenship. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446 (b)(3).

5. Plaintiff does not specifically quantify the amount of damages for which he seeks recovery in this case. *See generally* Exhibit "A," Second Amended Complaint. However, from the face of the Second Amended Complaint, a reasonable estimate of the amount of damages claimed by Plaintiff and in controversy will exceed seventy-five thousand dollars ($75,000.00),

exclusive of interest and costs. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold … [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

6. This case involves an actual controversy between the parties regarding: A motor vehicle accident occurring on September 16, 2011 on State Road 68 in Rinconada, New Mexico, involving an unknown driver's stopped vehicle in the northbound lane, Putnam's vehicle traveling in the northbound lane and Rutherford's vehicle traveling in the southbound lane.

7. Plaintiff's Second Amended Complaint asserts causes of action for (a) negligence by Putnam and CTL; and (b) liability of CMIC for the negligence of an unknown driver. *See generally* Exhibit "A," Second Amended Complaint.

8. Damages as claimed by Plaintiff Rutherford will exceed the minimum jurisdictional limit. Discovery prior to filing of the Second Amended Complaint reveals the following:

    (a) Plaintiff claims lost income;

    (b) Plaintiff claims loss of future earning capacity;

    (c) Plaintiff claims personal injuries including:

a concussion; acceleration-deceleration closed head injury; cervical strain; a nondisplaced fracture of the right ulnar styloid; fracture of tooth no. 18 (lower left second molar); seat belt bruising and airbag burns; and aggravation of pre-existing low-level tinnitus … [and] believes that the closed head injury, and associated cognitive and personality changes, are permanent

(d) Plaintiff claims damages for emotional trauma or physical and mental pain and suffering including:

neck, shoulder, and back pain; pain from seat belt and airbag injuries; wrist pain; dental pain; increased tinnitus; and fatigue and difficulties sleeping. Some of those problems have generally resolved, although plaintiff's tinnitus and fatigue persist. Plaintiff's emotional distress includes PTSD or PTSD-like symptoms, such as intrusive thoughts of the crash, hypervigilance, anxiety and fearfulness in various driving situations; and depression, anxiety, and frustration relating to traumatic brain injury. Symptoms of the traumatic brain injury include, among other things, verbal impairments such as word-finding difficulties and stuttering; cognitive impairments such as loss of memory, attention, concentration and problem-solving ability; visual-spatial reasoning deficits; diminished ability to perform complex planning and cost-estimating of construction projects; diminished ability to multi-task; difficulties in social functioning; and personality changes. Many of these difficulties persist.

(e) Plaintiff claims loss of household services;

(f) Plaintiff claims loss of social, educational, recreational, athletic or artistic activities and general loss of enjoyment of life, including:

Virtually all of plaintiff's activities have been adversely affected by his injuries from the crash. Social activities, including entertaining at his home on a regular basis and participating actively as a member of his Masonic Lodge, have been severely limited by plaintiff's severe embarrassment about his cognitive and emotional impairments, which have included loss of impulse control. Educational activities have been affected, in that plaintiff sought to learn welding by attending a continuing education class through UNM in 2013, but was unable to develop the necessary motor skills to successfully weld, which before the crash would not have been difficult for him to learn. Recreational and athletic activities have been severely limited in that plaintiff has had to cut back substantially on activities such as mountain biking, fishing, and snow sports, and to a lesser extent on other outdoor activities such as gardening. Plaintiff's community service activities, such as serving on community and industry boards of directors, have also been substantially limited.

(g) Plaintiff has not yet determined his total amount of damages for claimed losses, special damages, or general damages. *See* Exhibit "B."

9. If Plaintiff prevails on his claims (*see* paragraph 6, *supra*), New Mexico law may permit recovery of compensatory damages and punitive damages. *See* UJI 13-1802 NMRA (measure of damages); UJI 13-1803 NMRA (earnings); UJI 13-1804 NMRA (medical expenses); UJI 13-1805 NMRA (nonmedical expenses); UJI 13-1806 NMRA (nature, extent, and duration of injury); UJI 13-1807 NMRA (pain and suffering); UJI 13-1807A NMRA (loss of enjoyment of life); UJI 13-1821 NMRA (future damages); UJI 13-1827 NMRA (punitive damages).

10. Without admitting any of the foregoing allegations, and without admitting Plaintiff is entitled to recover any of his claimed damages, Putnam, CTL and CMIC submit that the aggregate "value" of what Plaintiff seeks to recover in this case, or what a judgment would be worth to Plaintiff, exceeds seventy-five thousand dollars ($75,000.00). *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

11. Pursuant to 28 U.S.C. § 1446 (d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Eighth Judicial District Court, County of Taos, State of New Mexico.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ D. Chet Alderete*
**Mark J. Riley**
**D. Chet Alderete**
**Tyler J. Bates**
3880 Osuna Road NE
Albuquerque, NM 87109
(505) 883-5030
calderete@rsk-law.com
tbates@rsk-law.com
*Attorneys or Theodore Putnam and*
*CTL Thompson, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies on the 31st day of July, 2015, a copy of the foregoing was electronically filed through the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means. The undersigned further certifies on the 31st day of July, 2015, a true and correct copy of the foregoing was also e-mailed to the following counsel of record:

Ronald Segel
WILL FERGUSON & ASSOCIATES
1720 Louisiana Boulevard NE, Suite 100
Albuquerque, NM 87110
(505) 243-5699
ron@fergusonlaw.com
*Attorneys for Plaintiff Rutherford*

Edward W. Shepherd
ALLEN, SHEPHERD, LEWIS & SYRA, P.A.
4801 Lang Avenue NE
Albuquerque, NM 87109
(505) 341-0110
nshepherd@allenlawnm.com
*Attorneys for Central Mutual Insurance Company*

By: */s/ D. Chet Alderete*